Albert J. and Dorothy Fowler v. Commissioner. James J. Thompson v. Commissioner.
Fowler v. Commissioner
Docket Nos. 93839, 93859.
United States Tax Court
T.C. Memo 1963-21; 1963 Tax Ct. Memo LEXIS 325; 22 T.C.M. (CCH) 81; T.C.M. (RIA) 63021; January 24, 1963
*325 In 1959, the two daughters of James J. Thompson and Dorothy Fowler lived with their mother and her second husband, Albert J. Fowler. Thompson contributed $780 for the support of the older child and $520 for support of the younger. Both the Fowlers and Thompson claimed deductions for both girls for 1959. Thompson contributed more than one-half the total amount spent for support of the older daughter in 1959. The Fowlers contributed more than one-half the total amount spent for support of the younger daughter in 1959. Held, Thompson is entitled to a personal exemption deduction in 1959 for the older daughter, and the Fowlers are entitled to a personal exemption deduction for the younger daughter in that year. Marianne J. Cegas, for the petitioners in Docket No. 93839. Hale W. Brown, Esq., for the petitioner in Docket No. 93859. David A. Pierce, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in petitioners' income taxes for the year 1959 in the amounts of $240 in Docket No. 93839 and $264 in Docket No. 93859. The following questions are presented for our determination: (1) Whether Albert J. and Dorothy Fowler are entitled to a dependency exemption for 1959 for either or each of Dorothy's two daughters, Peggy Sue and Elizabeth Jane, and (2) whether James J. Thompson, the father of the girls, is entitled to a dependency exemption for 1959 for either or each of them. Findings of Fact Petitioners Albert J. and Dorothy Fowler, hereinafter sometimes referred to as the Fowlers, are husband and wife. They resided in St. Louis, Missouri, during 1959 and filed *327 a joint Federal income tax return for that year with the district director of internal revenue in St. Louis. Albert and Dorothy's gross salaries during 1959 totaled $2,949.30 and $2,122.59, respectively. Albert received a nontaxable insurance recovery of $1,400, net to him, in June of 1959. On their joint income tax return for 1959 the Fowlers claimed two exemptions for themselves and one each for Dorothy Fowler's two daughters by a previous marriage to James J. Thompson, Peggy Sue Thompson and Elizabeth Jane Thompson, and one exemption for a son, John Michael Fowler. The exemptions for Dorothy's two daughters were disallowed by respondent. Petitioner James J. Thompson, hereinafter sometimes referred to as Thompson, is an individual who resided during 1959 in St. Louis, Missouri. He filed a Federal income tax return for the calendar year 1959 with the district director of internal revenue in St. Louis. On his 1959 return, Thompson claimed one exemption for himself and one exemption each for Peggy Sue and Elizabeth Jane. By a decree of the Circuit Court of Scott County, Missouri, dated May 13, 1954, custody of the girls was given to Dorothy, and Thompson was ordered to pay *328 $10 per week to Dorothy for child support. The decree of divorce was modified by the above court on December 4, 1958, to provide for child support payments by Thompson of $15 per week for Peggy Sue and $10 per week for Elizabeth Jane, payments commencing December 20, 1958. Pursuant to the decree as modified, Thompson made payments to Dorothy for the support of the two daughters in the amounts of $15 per week for the support of Peggy Sue and $10 per week for the support of Elizabeth Jane. In 1959 these payments were made by one lump-sum check in excess of $500 and the balance in weekly money orders totaling $25 each. Thompson furnished a total support for the year 1959 for the two girls of $520 for Elizabeth Jane and $780 for Peggy Sue. The total amounts expended for the support of the two girls in 1959 were $1,355.10 for Peggy Sue and $1,290.30 for Elizabeth Jane. Opinion Peggy Sue and Elizabeth Jane Thompson, the two daughters of James J. Thompson and Dorothy Fowler, resided with their mother and her second husband, Albert J. Fowler, during all of 1959. Both the Fowlers and Thompson claimed dependency exemption deductions for 1959 under section 151(a) and (e), Internal Revenue *329 Code of 1954, for each of the daughters. In separate statutory notices, respondent determined deficiencies against both the Fowlers and Thompson by reason of disallowance of deductions to each for the two daughters. A petitioner claiming a deduction for a child who is under 19 years of age, section 151(e)(1)(B), Internal Revenue Code of 1954, has the burden of proving that "over half of * * * [the child's] support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *." Section 152(a), Internal Revenue Code of 1954. In Aaron F. Vance, 36 T.C. 547, 549, this Court stated: "Thus it is petitioner's burden to establish not only what amount he contributed toward their support, but he must also show in some way that it exceeded one-half of their total support." Although the Fowlers kept no accurate records of the actual costs of supporting the two girls during that year, Dorothy testified to general household expenses totaling $3,150.50 for 1959, of which $630.10 was allocated to each of the two girls. She also testified to certain specific items of personal expense for *330 each of the girls which, when added to the general expenses, showed total expenditures of $1,355.10 for Peggy Sue and $1,290.30 for Elizabeth Jane. On brief, respondent requested ultimate findings of fact that the Fowlers expended $1,355.10 and $1,290.30 in 1959 for Peggy Sue and Elizabeth Jane, respectively, and that Thompson contributed toward Peggy Sue's and Elizabeth Jane's support the respective amount of $780 and $520 in that year. These amounts are consistent with the testimony and exhibits in this case. While the Fowlers claim greater amounts on brief, their claims are the result of faulty computations. For example, Dorothy testified with respect to certain weekly school expenses. Respondent computed totals, using a 40-week school year, whereas the Fowlers made computations on the basis of 52 weeks. Clearly, respondent used the more accurate method. Moreover, neither the Fowlers, who filed an original brief, nor Thompson, who filed no brief, replied to respondent's request for findings. Accordingly, we have determined that the amounts of $1,355.10 and $1,290.30 were expended by the Fowlers for the support of the two girls in 1959 and that Thompson contributed to these totals *331 the amounts of $780 and $520, respectively. It follows that Thompson is entitled to a personal exemption deduction for Peggy Sue for 1959, and that the Fowlers are entitled to a similar deduction for Elizabeth Jane for that year. Decisions will be entered under Rule 50.